UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60534-CIV-DIMITROULEAS

HOWARD K. STERN,

      Magistrate Judge Rosenbaum

    Plaintiff,

vs.

JOHN M. O'QUINN and
JOHN M. O'QUINN & ASSOCIATES
PLLC d/b/a The O'Quinn Law Firm,

    Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT FOR VIOLATING LOCAL RULE 7.1.C.2

THIS CAUSE is before the Court upon Defendants John M. O'Quinn and John M. O'Quinn & Associates PLLC's Motion for Summary Judgment on the Absence of Actual Malice [DE 203] filed on October 3, 2008, Motion for Summary Judgment on the Issue that Expressions of Opinion Are Not Actionable Especially When Made in the Context of Tabloid Media [DE 204] filed on October 4, 2008, and Motion for Summary Judgment Based upon the Libel-Proof Plaintiff Doctrine [DE 205] filed on October 4, 2008, and the Plaintiff Howard K. Stern's Motion to Strike Defendants' Motions for Summary Judgment for Violating Local Rule 7.1(C)(2) [DE 210] filed on October 6, 2008. The Court has carefully considered the Motions, the Defendants' Consolidated Response to Motion to Strike and Order to Show Cause [DE 213], and is otherwise fully advised in the premises.

Between 11:00 PM October 3, 2008 and 1:00 AM October 4, 2008, the Defendants filed one timely and two untimely Motions for Summary Judgment, all seeking entry of summary judgment for the Defendants, but under separate legal theories. Plaintiff moved to strike the

multiple Motions on the grounds that Defendants violated Local Rule 7.1.C.2 by filing multiple motions for partial summary judgment. This Court ordered the Plaintiff to show cause why the Court should entertain multiple motions in violation of Local Rule 7.1.C.2, and ordered that he file a consolidated Response to that Order and the Defendants' Motion to Strike.

Local Rule 7.1.C.2 states, "The practice of filing multiple motions for partial summary judgment shall be prohibited, absent prior permission of the Court." In Plaintiff's Response, he argues each of the Motions are for final summary judgment because granting any one of them would fully dispose of the all the claims against all the parties, and therefore the local rule prohibition of multiple motions for partial summary judgment should not apply. Even if the Court were to agree that each of the Plaintiff's motions are for final summary judgment, the intent of the prohibition suggests it should apply in this situation. S.D. Fla. L.R. 7.1.C.2 cmt. (1997) ("Addition of language to Rule 7.1.C.2 prohibiting the practice of filing multiple motions for summary judgment"). The purpose of the rule is also evidenced in a later comment, where it was noted that the rule was to "emphasize the need to discuss at the scheduling conference of parties and/or counsel the number and timing of *motions for summary judgment or partial summary judgment*." S.D. Fla. L.R. 7.1.C.2 cmt. (2004) (emphasis added).[1] This Court has previously interpreted this rule as "provid[ing] parties with a *single* opportunity to file a motion for summary judgment in order to dispose of *all or part* of a complaint or counterclaim." Williams Island Synagogue, Inc. v. City of Aventura, 18 Fla. L. Weekly Fed. 40 (S.D. Fla. 2004) (emphasis added). Thus, the purpose of the rule was to prevent end-runs around the page limits for motions. If the Defendants could not fit their three legal theories into one twenty-page

---

[1] The parties, after the scheduling conference, are to produce a Scheduling Report for the Court to consider in scheduling the case. The parties did not mention the possibility of filing multiple motions for summary judgment in their Scheduling Report [DE 46].

motion, they should have sought leave to file excess pages prior to submitting the Motions. The Court therefore finds that the Defendants have violated Local Rule 7.1.C.2.

In addition, the final two Motions for Summary Judgment [DE 204, 205] were untimely as they were filed after the October 3, 2008 deadline. Though the Court realizes that electronically filing hundreds of pages of exhibits may cause technical delays, these are delays that should have been anticipated by the Defendants. Therefore, the Court finds that these two untimely Motions would be stricken on these grounds, separate from grounds related to Local Rule 7.1.C.2.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendants' Motions for Summary Judgment for Violating Local Rule 7.1(C)(2) [DE 210] is hereby **GRANTED in part**;

2. Defendants' Motion for Summary Judgment on the Issue that Expressions of Opinion Are Not Actionable Especially When Made in the Context of Tabloid Media [DE 204], and Defendants' Motion for Summary Judgment Based upon the Libel-Proof Plaintiff Doctrine [DE 205] are hereby **STRICKEN**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of October, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record